IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| EDWARD RICHARDSON, ) | Civil Action No.: 2:15-cv-02640-DCN |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| DETYENS SHIPYARDS, INC. ) | |
| AND UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

**COMES NOW**, Edward Richardson, Plaintiff in the above-captioned action, and complaining of Defendants, shows this Honorable Court as follows:

### SUBJECT MATTER JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the subject matter jurisdiction of this Honorable Court under 28 U.S.C. §1333 and requests a bench trial.

### APPLICABLE LAW

2. This Court has jurisdiction of this action by virtue of the Suits in Admiralty Act, 46 U.S.C, §§30903, *et seq*. (hereinafter, "SAA"), the Public Vessels Act, 46 U.S.C. §§31102, *et seq*. (hereinafter, "PVA"), the general maritime law of the United States, and laws supplemental thereto and amendatory thereof. Pursuant to 46 U.S.C. §30903 (SAA) and/or 46 U.S.C. §31102 (PVA), venue is proper in the United States District Court for the District of South Carolina, because USNS ARCTIC is not presently within the territorial waters of the U.S. and/or the Plaintiff resides within this judicial district.

1

**PARTIES**

3. Plaintiff Edward Richardson, at the time of the incident described below, was an employee of McAllister Towing & Transportation Co. ("McAllister Towing") holding the job title of engineer and is a resident of Awendaw, South Carolina.

4. Defendant Detyens Shipyards, Inc. ("Detyens") is a corporation organized and existing under the laws the State of South Carolina, doing business in the State of South Carolina and was the operator of a shipyard in North Charleston, South Carolina on the Cooper River.

5. Defendant United States of America ("U.S.") is the owner and operator of USNS ARCTIC, a government vessel being operated through the Military Sea Lift Command, the transportation provider for the Department of Defense.

**FACTS**

6. At the time of the below-described incident, McAllister Towing employed Plaintiff as a seaman aboard TUG JAMES MCALLISTER.

7. In his capacity as seaman, Plaintiff Edward Richardson contributed to the mission and function of TUG JAMES MCALLISTER.

8. In his capacity as seaman, Plaintiff Edward Richardson was more or less permanently connected to a vessel or an identifiable fleet of vessels.

9. Upon information and belief, the U.S. entered into a contract with Detyens to make repairs to USNS ARCTIC at Detyens' shipyard in North Charleston.

10. Upon information and belief, in order to continue to make repairs to USNS ARCTIC, Detyens hired McAllister Towing to tow USNS ARCTIC from its shipyard to another facility on the Cooper River to have the vessel degassed.

11. On or about August 11, 2014, Plaintiff Edward Richardson was working on the TUG JAMES MCALLISTER and was located on the deck of the vessel.

12.     At all material times, TUG JAMES MCALLISTER was located on the Wando River, a navigable water of the United States, and along side USNS ARCTIC.

13.     Plaintiff Edward Richardson was located on the deck of TUG JAMES MCALLISTER, assisting with securing TUG JAMES MCALLISTER to USNS ARCTIC so that the USNS ARCTIC could be towed by TUG JAMES MCALLISTER to the new facility to have USNS ARCTIC degassed.

14.     While Plaintiff Edward Richardson was assisting with the securing of the TUG JAMES MCALLISTER to USNS ARCTIC, a large, heavy piece of plywood flew off of USNS ARCTIC and struck Plaintiff Edward Richardson.

15.     Said plywood flew off of USNS ARCTIC without warning or notice to Plaintiff Edward Richardson.

16.     Upon information and belief, the plywood was placed on the deck of USNS ARCTIC by Detyens' employees.

17.     Upon information and belief, at the time said plywood struck Plaintiff Edward Richardson's body, it was being moved by people employed by both U.S. and Detyens.

18.     Specifically, Plaintiff Edward Richardson incurred the following injuries:

    (a)     Blunt trauma to his head causing him to fall onto his right elbow, right shoulder, right knee and upper back;

    (b)     Injury to his cervical spine resulted in the following:

        1)     Disc disruption;

        2)     Myelopathy; and

        3)     Cervical disc herniation at the C3-4 level;

      (c)      Injury to his head resulted in the following:

            1)      Decrease in attention/concentration and anterograde memory;

            2)      Continued post-concussive symptoms;

            3)      Tinnitus;

            4)      Acute hearing loss;

            5)      Possible permanent neurocognitive impairments; and

            6)      Lacerations;

      (d)      Right upper extremity injuries include the elbow and shoulder;

      (e)      Injury to his right knee resulted in the following:

            1)      Derangement of the posterior horn of medial meniscus; and

            2)      Chondromalacia.

19. Due to Plaintiff Edward Richardson's injuries, he has been assigned permanent work restrictions and physical impairments that will render him disabled and prevent him from returning to work as a seaman. As a result of the accident, Plaintiff Edward Richardson is expected to experience permanent physical limitations, pain and suffering, emotional distress and loss of enjoyment of life.

## CLAIMS

### FOR A FIRST CLAIM OF RELIEF
### (GENERAL MARITIME LAW NEGLIGENCE AGAINST DETYENS)

20. Plaintiff Edward Richardson restates and realleges each and every allegation contained in the above numbered paragraphs one (1) through nineteen (19).

21. That the incident and all of Plaintiff Edward Richardson's injuries and damages resulted therefrom were in no way caused or contributed to by any fault or neglect of the Plaintiff, but rather, said damages and losses were caused solely by the fault and negligence of the unknown

persons employed by Detyens who allowed said piece of plywood to fly off of USNS ARCTIC and Detyens in one or more of the following particulars, among others, all of which will be more fully shown at the trial of this matter:

    (a)    Failing to control said plywood;

    (b)    Failing to prevent said plywood from flying off of USNS ARCTIC;

    (c)    Failing to follow proper operation procedures;

    (d)    Failing to maintain adequate communications with TUG JAMES MCALLISTER;

    (e)    Failing to give proper instructions and training to its employees;

    (f)    Failing to warn Plaintiff;

    (g)    Failing to use safe procedures to move said plywood;

    (h)    Failing to safely control said plywood;

    (i)    Allowing said plywood to fly off USNS ARCTIC and strike Plaintiff; and

    (j)    Other acts of negligence that will be shown at trial.

22.    As a result of the negligent acts of Detyens, Plaintiff Edward Richardson has sustained serious bodily injury and other injuries, as described above and remains under the care and treatment of his physician as of the date of this action.

23.    As a result of Detyens' negligence, breach of duties, willfulness, wantonness and carelessness, Plaintiff Edward Richardson has been forced to incur substantial medical expenses for his medical care and treatment. These costs will continue to accrue in the future.

24. As a result of the Detyens' negligence, breach of duties, willfulness, wantonness and carelessness, Plaintiff Edward Richardson will probably be permanently disabled and will not be able to return to work in his chosen profession.

25. As a result of the Detyens' negligence, breach of duties, willfulness, wantonness and carelessness, Plaintiff Edward Richardson has incurred substantial lost wages. These losses will continue into the future.

26. As a further result of Detyens' negligence, breach of duties, willfulness, wantonness and carelessness, Plaintiff Edward Richardson has been made to endure substantial and continued pain and suffering, both physical and mental, which has had a significant impact on his general health and daily standard of living.

## FOR A SECOND CLAIM OF RELIEF
### (GENERAL MARITIME LAW NEGLIGENCE AGAINST U.S.)

27. Plaintiff Edward Richardson restates and realleges each and every allegation contained in the above numbered paragraphs one (1) through nineteen (19).

28. That the incident and all of Plaintiff Edward Richardson's injuries and damages resulted therefrom were in no way caused or contributed to by any fault or neglect of the Plaintiff, but rather, said damages and losses were caused solely by the fault and negligence of the unknown persons employed by U.S. who allowed said piece of plywood to fly off of USNS ARCTIC and U.S. in one or more of the following particulars, among others, all of which will be more fully shown at the trial of this matter:

    (a)    Failing to control said plywood;

    (b)    Failing to prevent said plywood from flying off of USNS ARCTIC;

    (c)    Failing to follow proper operation procedures;

(d)   Failing to maintain adequate communications with TUG JAMES MCALLISTER;

(e)   Failing to give proper instructions and training to its employees;

(f)   Failing to warn Plaintiff;

(g)   Failing to use safe procedures to move said plywood;

(h)   Failing to safely control said plywood;

(i)   Allowing said plywood to fly off USNS ARCTIC and strike Plaintiff; and

(j)   Other acts of negligence that will be shown at trial.

29.   As a result of the negligent acts of U.S, Plaintiff Edward Richardson has sustained serious bodily injury and other injuries, as described above and remains under the care and treatment of his physician as of the date of this action.

30.   As a result of the U.S.'s negligence, breach of duties, willfulness, wantonness and carelessness, Plaintiff Edward Richardson has been forced to incur substantial medical expenses for his medical care and treatment. These costs will continue to accrue in the future.

31.   As a result of the U.S.'s negligence, breach of duties, willfulness, wantonness and carelessness, Plaintiff Edward Richardson will probably be permanently disabled and will not be able to return to work in his chosen profession.

32.   As a result of the U.S.'s negligence, breach of duties, willfulness, wantonness and carelessness, Plaintiff Edward Richardson has incurred substantial lost wages. These losses will continue into the future.

33.   As a further result of U.S.'s negligence, breach of duties, willfulness, wantonness and carelessness, Plaintiff Edward Richardson has been made to endure substantial and continued

7

pain and suffering, both physical and mental, which has had a significant impact on his general health and daily standard of living.

## PLAINTIFF'S PRAYER

**WHEREFORE**, based on the foregoing, Plaintiff prays:

a.	That his Complaint be deemed good and sufficient;

b.	That process and due form of law, according to the practice of this Honorable Court, issue against Defendants, citing them to appear and answer under oath, all and singular the allegations of aforesaid;

c.	That Plaintiff may have judgment in his favor, as Plaintiff, against the Defendants for such amount as this Court may deem appropriate for all legal and allowable damages arising out of his serious injuries, plus pre-judgment interest, and costs of this action;

d.	That all expert fees be taxed as costs; and

e.	That this Honorable Court grant Plaintiff such and other and further relief, general and equitable relief that the justice in this cause may require, and to which they may otherwise be entitled.

          Respectfully Submitted,

          BLUESTEIN LAW FIRM, P.A.

          By: s/S. Scott Bluestein
          S. Scott Bluestein / Federal ID No. 6981
          1040 eWall Street
          Mount Pleasant, SC  29464
          Telephone: (843) 577-3092
          Facsimile: (843) 577-3093
          Email: Scott@boatinglaw.us

          ATTORNEY FOR PLAINTIFF

Mount Pleasant, South Carolina
July 2, 2015